NOT DESIGNATED FOR PUBLICATION

No. 117,695

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ELIJAH N. RAMDORSINGH,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion filed April 20, 2018.
Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Rachel L. Pickering*, assistant solicitor general, *Michael F. Kagay*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., GARDNER, J., and BURGESS, S.J.

PER CURIAM: Elijah N. Ramdorsingh appeals the summary denial of his postsentencing motion in which he requested three options for relief in the alternative: (1) that the district court vacate his sentence and dismiss his case with prejudice; (2) that the district court vacate his sentence and remand for resentencing; or (3) that the district court allow him to withdraw his no contest pleas. Ramdorsingh explicitly requested relief under K.S.A. 2017 Supp. 60-1507, but he never cited K.S.A. 2017 Supp. 22-3210(d)(2). On appeal, however, Ramdorsingh argues that the district court should have interpreted his motion as a motion to withdraw pleas under K.S.A. 2017 Supp. 22-3210(d)(2).

1

Ramdorsingh also argues the district court erred when it summarily denied his motion based on its belief that his underlying arguments, which primarily concerned his plea counsel's representation, were conclusory.

Nevertheless, even though Ramdorsingh's postsentencing motion was brought under both K.S.A. 2017 Supp. 60-1507 and K.S.A. 2017 Supp. 22-3210(d)(2), his arguments were conclusory or otherwise disproved by the record in this case. The summary denial of Ramdorsingh's postsentencing motion is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2010, the State charged Ramdorsingh with one count of possession of cocaine and one count of driving while suspended in Shawnee County case No. 10 CR 1630. In January 2011, the State charged Ramdorsingh in Shawnee County case No. 11 CR 95 with two counts of kidnapping, two counts of conspiracy to commit kidnapping, two counts of aggravated burglary, two counts of conspiracy to commit aggravated burglary, two counts of theft, two counts conspiracy to commit theft, and two counts of criminal possession of a firearm.

Michael Serra was appointed by the district court to represent Ramdorsingh in case No. 10 CR 1630. Initially, Serra was appointed to represent Ramdorsingh in case No. 11 CR 95 as well. Serra eventually withdrew as Ramdorsingh's counsel in both cases because of a conflict of interest. David McDonald was then appointed to represent Ramdorsingh in both cases. For reasons unclear from the record on appeal, Serra withdrew as Ramdorsingh's counsel in the case No.11 CR 95 case in July 2011, but he did not officially withdraw as counsel in case No. 10 CR 1630 case until November 2011. Regardless, in case No. 11 CR 95, the district court appointed McDonald to represent Ramdorsingh immediately after allowing Serra to withdraw as counsel. McDonald then entered into plea negotiations with the State on behalf of Ramdorsingh. The plea

2

negotiations ultimately resulted in Ramdorsingh accepting a plea agreement where his case Nos. 10 CR 1630 and 11 CR 95 cases were consolidated for purposes of sentencing.

Under the terms of Ramdorsingh's plea agreement, in exchange for pleading no contest to one count of possession of cocaine in case No. 10 CR 1630 and pleading no contest to two counts of aggravated burglary in case No. 11 CR 95, the State agreed to dismiss the remaining charges against Ramdorsingh in both cases and consolidate the cases for purposes of sentencing. The State further agreed to recommend that Ramdorsingh's sentences run concurrently. The plea agreement Ramdorsingh signed stated under the "sentencing agreement" section that Ramdorsingh "serve the standard number of months according to the Kansas Sentencing Guidelines in the custody of the Kansas Department of Corrections (KDOC)." Immediately following this provision, the sentencing agreement stated Ramdorsingh's "understanding [was] that the parties [would] recommend a sentence of 57 months not including credit received for good time earned or time spent in the Shawnee County jail."

At the outset of Ramdorsingh's October 13, 2011 plea hearing, McDonald requested additional time to discuss the plea agreement with his client because the plea agreement had just "been reduced to writing." Accordingly, the district court took a recess. After the recess, the district court began the plea colloquy asking Ramdorsingh questions regarding being convicted solely upon the State's factual basis and the difference between pleading guilty and no contest. Following the State's factual basis, the district court asked Ramdorsingh if he understood that the court would be ruling on his guilt based solely upon the factual basis. Ramdorsingh responded he understood, but the district court questioned him further because it noted that Ramdorsingh had "hesitated for a moment" in his response.

During the exchange that ensued, Ramdorsingh told the district court McDonald was "advising [him] that—stick to the plea agreement and plead no contest." The district

3

court then asked Ramdorsingh whether he understood he had the right to go to trial, whether he wanted to go to trial, whether he needed more time to think about entering his pleas, and whether he had any questions of the court. Ramdorsingh responded that he understood he had the right to go to trial but did not want to go to trial. Ramdorsingh further responded that he did not need more time to think about entering his pleas and had no questions of the court. In the end, the district court accepted Ramdorsingh's no contest pleas, finding him guilty of the one count of possession of cocaine in case No. 10 CR 1630 and the two counts of aggravated battery in case No. 11 CR 95.

On November 18, 2011, the district court was set to sentence Ramdorsingh when McDonald advised the court that the defense needed a continuance. McDonald explained that during plea negotiations there were "last minute changes" which resulted in Ramdorsingh's ability to request a departure being removed from the plea agreement. McDonald stated that he had spoken to Ramdorsingh "about this issue and explained it to him and stated [that he did not] think [they could] file [a departure]" given the terms of the plea agreement. Nevertheless, McDonald stressed to the district court that Ramdorsingh wanted him to file a departure motion. McDonald explained that he was unwilling to file a departure motion on Ramdorsingh's behalf "without any sort of leave of the Court or without knowledge of any repercussions of filing a departure." The State responded that "the idea that [Ramdorsingh] didn't know" he could not depart was "specious" given that the plea agreement required that he serve 57 months in the custody of the KDOC. The State then indicated that if a departure motion was filed, it might move to set aside the plea agreement based upon Ramdorsingh's breach.

Next, Ramdorsingh requested and was granted the opportunity to address the district court. While addressing the court, Ramdorsingh stated, "I don't know where this bre[a]ch of the whole agreement came in." Ramdorsingh alleged that he, McDonald, and the State all understood he would be able to move for a departure when he entered into the plea agreement. The district court interrupted Ramdorsingh, telling him that it was not

4

going to sentence him that day because Ramdorsingh was considering filing a departure. The district court then warned Ramdorsingh, however, "what you've heard this morning is, if you file that departure motion, the State may be asking the Court for additional considerations." The district court advised Ramdorsingh that he should "think about what you are really asking the Court to do, consider what ramifications might flow from that by the State."

Before the next sentencing hearing, Ramdorsingh filed a pro se motion for a dispositional departure, or alternatively, a durational departure. The State responded that Ramdorsingh's motion constituted a breach of the plea agreement and requested the district court to quash the motion as a breach of the plea agreement. The State further argued that if the district court construed Ramdorsingh's motion as a motion to withdraw plea, he had not established good cause to withdraw his plea.

McDonald filed a motion in response to the State. In his motion, McDonald noted that he had discussed the "filing a departure with [Ramdorsingh] as it was commonly part of potential plea agreements." Yet, McDonald asserted that the plea agreement clearly prohibited the filing of departure motions as it required Ramdorsingh to serve his sentence in the custody of the KDOC. McDonald believed that he was ethically prohibited from arguing on behalf of Ramdorsingh's pro se departure motion. To remedy the situation, McDonald asserted that the district court should either allow Ramdorsingh to argue his pro se departure motion even though it would be opposed by the State or allow Ramdorsingh to withdraw his no contest pleas while also appointing new counsel.

Ramdorsingh's joint sentencing hearing for his case Nos. 10 CR 1630 and 11 CR 95 proceeded on December 21, 2011. At the beginning of his sentencing hearing, the district court addressed Ramdorsingh's pro se motion for a dispositional departure. After recapping both McDonald's and the State's positions, the district court explained that it was "going to have to clarify for purposes of proceeding what [Ramdorsingh's] intentions

5

[were]. Since both parties have suggested that there might be an issue as to whether [Ramdorsingh was] seeking to withdraw his plea." The district court explained it would not consider the issue of whether Ramdorsingh wanted to withdraw his no contest pleas "on a contingent basis and make optional or alternative rulings." Accordingly, the district court directly asked Ramdorsingh if he was wanting to withdraw his no contest pleas.

After asking this question, the following exchange between the Ramdorsingh and the district judge occurred:

"THE DEFENDANT: No, sir. Me and my lawyer talked, and we said that we just wanted to continue with the plea that we agreed to, which is that I'd be able to argue anything at sentencing.

"THE COURT: Well, do you understand then that with regard to the law, it is a lower standard that you would have to withdraw a plea at this point and time, than it would be after sentencing? If you're dissatisfied with the outcome at sentencing, and then would seek to withdraw your plea, you would have to demonstrate a much higher or greater burden to get that relief. At this point, you would have to demonstrate good cause for withdrawal of a plea. I make no representations in anything I've said how I would receive that. We would have to have a separate hearing. But I do want to make sure that you understand that if your intention is to withdraw a plea, the standard at this point is good cause, which is a lower burden of proof than the standard would be after sentencing is imposed, which would be a requirement that you demonstrate manifest injustice.

"So with those things, I want to first ask you, do you understand what I just said?

"THE DEFENDANT: Yes, sir. I understand what you're saying.

"THE COURT: And with all that has been said, the confusion at least as to whether there was an agreement to ask for a specific remedy of 57 months in prison as a result of the plea, and I told you at the time I took the plea agreement, that the Court may or may not accept that, do you recall that?

"THE DEFENDANT: Yes, sir.

"THE COURT: It's fair game to argue, perhaps, but the Court is never required to accept any party's argument. I have full authority to impose the maximum penalty allowed by law; do you understand that?

6

"THE DEFENDANT:  Yes, sir.

"THE COURT:  Now, do you understand Mr. McDonald's position that he has taken? He has represented to the Court that he believes in good faith when the plea agreement was signed, the inquiry was made by the Court, that he believed that you had agreed to serve 57 months in the penitentiary, less good time, or less credit for time served, which I believe everyone estimated would require about a 44-month prison sentence; do you understand that?

"THE DEFENDANT:  Well, it was never agreed that was—that would be the maximum time to set in, but we'd be able to argue whatever we wanted, and that's what he said to me. And that's the agreement that we came to, was the best part, would be able to argue whatever you want.

"THE COURT:  What I'm saying to you though is, in his representations to the Court, is he said I thought we had a deal, as representative of the defendant, to serve a 57-month prison sentence, that some of the other discussions prior to the time the agreement was reached, included an option to file a departure motion and make arguments. And he's saying that he has a disagreement in some way with you and your position, because you want to file and argue for departure motion. And I'm going to allow you to do that, I've already told you that, argue for a departure motion.

"Some of the reasons that you have set out in your departure motion, I'm assuming Mr. McDonald will agree, are reasons that he is recommending that the Court adopt the certain sentence that you impose. You're arguing that you had a juvenile conviction and that that should be weighted less in the overall spectrum of your case, because you were young, and the Court should take that into consideration in accepting your plea agreement and accepting the agreement to impose the 57 months. This prosecutor, when we open the floor for argument, I'm sure is going to ask that the Court impose a sentence longer than 57 months if you pursue your departure motion. Do you understand all that?

"THE DEFENDANT:  Yes, sir.

"THE COURT:  So you do not want to withdraw your plea; is that correct?

"THE DEFENDANT:  Yes, sir.

"THE COURT:  Okay. And you're ready to pursue your departure motion?

"THE DEFENDANT:  Yes, sir."

The State asked how the district court would rule on its motion to quash Ramdorsingh's pro se departure motion. The district court ruled that it would deny the State's motion to quash, stating, "[I]f the defendant is wishing to pursue a request for a departure, he has the burden of proof on that departure, and [the State] certainly, because the Court has not tried to enforce the agreement in all respects, [is] free to argue whatever you want." The State responded by arguing (1) that the district court should deny Ramdorsingh's dispositional departure motion because his behavior established he was not entitled to a departure, and (2) that the district court should impose the standard presumptive sentence for each of his convictions, running each sentence consecutively. The State asserted it was not "bound by" sentencing terms of the plea agreement because Ramdorsingh had "renege[d] on [it]."

McDonald made arguments on Ramdorsingh's behalf concerning the merits of Ramdorsingh's pro se motion for a departure. The district court then directly asked Ramdorsingh why he should be granted his departure request. Ramdorsingh began telling the district court that he was not being "greedy" by asking for the departure because being able to ask for a departure was part of the "deal that came to [him] on the table." The district court responded that it "kn[e]w there [was] some confusion, but [it was] letting [Ramdorsingh] tell [the court] why [it] should depart." Ramdorsingh responded, "Okay. You want me to stick to that?" The district court again recognized that there was some earlier confusion, but now Ramdorsingh could go ahead and address the court. Ramdorsingh proceeded to tell the district court why it should grant his departure request.

After both parties presented their arguments, the district court denied Ramdorsingh's departure motion. It then sentenced Ramdorsingh to the standard presumptive sentence for his possession of cocaine conviction in case No. 10 CR 1630 and the aggravated presumptive sentence for his aggravated burglary convictions in case No. 11 CR 95. The district court ran all of his sentences consecutively, resulting in a combined controlling sentence for case Nos. 10 CR 1630 and 11 CR 95 of 105 months'

8

imprisonment followed by 24 months' postrelease supervision. As the district court was explaining to Ramdorsingh his appeal rights, Ramdorsingh interrupted the court and asked, "Can I withdraw my plea?" The court told Ramdorsingh that his "request [was] denied," and he would have to formally file a motion to withdraw plea if he wanted to do so now.

Ramdorsingh appealed his sentences in case Nos. 10 CR 1630 and 11 CR 95 in a consolidated appeal. Because Ramdorsingh merely challenged his presumptive sentences under the Kansas Sentencing Guidelines Act grid, the Kansas Supreme Court dismissed Ramdorsingh's appeal for lack of jurisdiction under Supreme Court Rule 7.041A (2013 Kan. Ct. R. Annot. 63). *State v. Ramdorsingh*, No. 107,914, 2014 WL 349794 (Kan. 2014) (unpublished opinion). The mandate was issued on February 24, 2014.

On May 9, 2014, Ramdorsingh filed a pro se motion entitled "Motion to Correct Manifest Injustice Pursuant to 60-1507." On February 5, 2015, Ramdorsingh, still acting pro se, moved to amend his motion. Both motions involve his sentences in case Nos. 10 CR 1630 and 11 CR 95. Ramdorsingh initially filed separate substantively identical motions in each case. Eventually, his cases were consolidated upon the district court's order.

In his amended motion, Ramdorsingh asked for three different types of relief in the alternative: (1) that the district court vacate his sentence and dismiss all charges; (2) that if this relief was impossible, that the district court "vacate [his] sentence and remand for [a] new sentencing hearing before a new judge with direction[s] that a hearing and ruling be made [that he] breach[ed the] plea before freeing the State of their obligations"; and (3) that if this relief was impossible, that the district court allow him to withdraw his pleas. Ramdorsingh asserted that he was entitled to relief because (1) McDonald provided ineffective assistance of plea counsel; (2) the prosecutor, Todd Hiatt, committed

9

misconduct; (3) the district court never explicitly stated that he was in breach of his plea agreement; and (4) his sentence was illegal.

Concerning McDonald's representation, Ramdorsingh alleged that McDonald actually believed that he could depart as part of his plea agreement, but McDonald refused to make the departure arguments because Hiatt would not allow it. According to Ramdorsingh, McDonald did not want to ruin his relationship with Hiatt, who allegedly used to be McDonald's college professor and worked as opposing counsel in many cases together. Moreover, Ramdorsingh asserted that McDonald's motion in response to the State, where he agreed with the State that a departure motion was not allowed by the plea agreement, was filed without his knowledge. Last, many times Ramdorsingh alleged that Serra could support his contention that moving for a departure was part of the plea agreement.

Contained within Ramdorsingh's pro se motion to amend was a request for counsel. The district court immediately appointed Josh Saiden to represent Ramdorsingh. Saiden filed a second motion to amend on April 25, 2016; in this motion, Saiden focused on Ramdorsingh's right to conflict-free counsel.

The State responded that the district court should deny the second motion to amend because (1) the second amended motion was filed past the K.S.A. 60-1507 time limitations, and (2) the claims concerning conflict-free counsel did not relate back to any of the claims raised in Ramdorsingh's pro se motions. Regarding the arguments Ramdorsingh made in his pro se motion, the State asserted that all of Ramdorsingh's arguments were "conclusory, barred by res judicata, or otherwise facially without merit."

On December 12, 2016, the district court summarily denied Ramdorsingh's requests for relief. First, the district court ruled that Ramdorsingh's second motion to amend was not timely filed. Next, the district court found that all but one of

10

Ramdorsingh's timely filed arguments were conclusory. The only argument that the district court found non-conclusory was Ramdorsingh's assertion that McDonald filed the motion without his knowledge. The district court determined that "this statement is not an evidentiary basis for any of [Ramdorsingh's] remaining claims."

On February 10, 2017, Saiden filed a notice of appeal on behalf of Ramdorsingh, requesting that Ramdorsingh be allowed to appeal out of time. The district court held a hearing and found that Ramdorsingh could appeal out of time because Saiden provided statutorily deficient counsel by not filing a timely appeal. See *Albright v. State*, 292 Kan. 193, 203, 251 P.3d 52, 59 (2011) (*citing Guillory v. State*, 285 Kan. 223, 228, 170 P.3d 403 [2007]). Accordingly, this court retained Ramdorsingh's appeal.

### DID THE DISTRICT COURT ERR BY SUMMARILY DENYING RAMDORSINGH'S POSTSENTENCE MOTION?

Ramdorsingh's argues that the district court erred in two ways when it summarily denied his postsentencing motion. First, Ramdorsingh argues that the district court should have treated his postsentencing motion as a motion to withdraw pleas under K.S.A. 2017 Supp. 22-3210(d)(2). Second, Ramdorsingh provides analysis both under K.S.A. 2017 Supp. 22-3210(d)(2) and K.S.A. 2017 Supp. 60-1507 regarding why his arguments are not conclusory despite the district court's findings to the contrary.

The State responds that the district court did not err by not construing Ramdorsingh's motion as a motion to withdraw pleas because Ramdorsingh never requested that the district court construe his motions in that manner. Next, the State argues that summary denial of Ramdorsingh's motion was appropriate because each of his arguments were conclusory. The State further argues that the record does not support Ramdorsingh's allegations of ineffective assistance of counsel.

11

Because Ramdorsingh's arguments are either conclusory or disproved by the record in this case, the district court's summary denial of his postsentencing motion was properly denied.

*Construction of the Postsentencing Motion*

"Whether the district court correctly construed a pro se pleading is a question of law subject to unlimited review." *State v. Gilbert*, 299 Kan. 797, 802, 326 P.3d 1060 (2014). Pro se pleadings should be liberally construed, and courts should "'[give] effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments.'" *Gilbert*, 299 Kan. at 802.

K.S.A. 2017 Supp. 60-1507(a) states:

"A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may, pursuant to the time limitations imposed by subsection (f), move the court which imposed the sentence to vacate, set aside or correct the sentence."

Meanwhile, K.S.A. 2017 Supp. 22-3210(d)(2) states that "[t]o correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." Generally, courts consider at least the three factors outlined in *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006), "when considering whether a defendant has demonstrated the requisite manifest injustice. These are: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea

12

was fairly and understandingly made." *State v. Bricker*, 292 Kan. 239, 244-45, 252 P.3d 118 (2011).

In the context of this case, the time limit to bring a motion to withdraw plea under K.S.A. 2017 Supp. 22-3210(d)(2) is the same as bringing a motion for relief under K.S.A. 60-1507. Both must be brought within a year of the termination of the last appellate court's jurisdiction. K.S.A. 2017 Supp. 60-1507(f); K.S.A. 2017 Supp. 22-3210(e)(1). Thus, if Ramdorsingh's postsentencing motion can be interpreted as a motion to withdraw pleas under K.S.A. 2017 Supp. 22-3210(d)(2), it would be timely.

The State asserts Ramdorsingh has abandoned his ability to assert that his postsentencing motion should have been construed as a motion to withdraw plea given that neither Ramdorsingh nor his appointed counsel below made this argument. Ramdorsingh's appellate attorney, on the other hand, points to language that he believes establishes Ramdorsingh's postsentencing motion should be construed as a motion to withdraw pleas. Oddly, Ramdorsingh's appellate attorney failed to point out that Ramdorsingh explicitly requested to withdraw his plea until filing Ramdorsingh's reply brief.

While there is a great deal of discussion as to whether Ramdorsingh properly raised the issue of a request to withdraw plea, several matters are clear. First, the State's assertion that Ramdorsingh never raised this issue is incorrect. Ramdorsingh explicitly requested to withdraw his pleas on "the grounds of ineffective assistance of counsel" as an alternative request for relief in his amended postsentencing motion. Second, Ramdorsingh's appellate attorney's request to use the liberal construction doctrine. It is not necessary to resort to this doctrine in that Ramdorsingh explicitly requested to withdraw his pleas as an alternative request for relief. Third, Ramdorsingh cannot ignore that his request to withdraw pleas was raised as an alternative request for relief.

13

In addition to the request to be allowed to withdraw his plea, Ramdorsingh prayed in the alternative for the dismissal of all of his charges based upon McDonald's and Hiatt's alleged misconduct or the remand of his case to the district court for resentencing with directions for a ruling on whether he was in breach of the plea agreement before "freeing the State of their obligations." Regarding this second request for relief, Ramdorsingh wanted a new sentencing hearing where the State was still bound by the terms of the plea agreement. According to his pleadings, this was based on a combination of McDonald's, Hiatt's, and the district court's errors. Clearly, Ramdorsingh's other alternative requests for relief involved a collateral attack on his sentence that had nothing to do with the withdrawal of his pleas. Therefore, these arguments fall under K.S.A. 2017 Supp. 60-1507. Ramdorsingh cannot argue that the district court should have construed his entire motion as a motion to withdraw plea. Some of his claims can only be raised pursuant K.S.A. 2017 Supp. 60-1507.

Ramdorsingh's postsentencing motion included alternative requests for relief with two of his claims falling under K.S.A. 2017 Supp. 60-1507 and one claim falling under K.S.A. 2017 Supp. 22-3210(d)(2). When the district court denied Ramdorsingh's postsentencing motion, the district court denied the entire motion. Nevertheless, the district court only considered Ramdorsingh's clams in the context of K.S.A. 2017 Supp. 60-1507 and never explicitly referenced his request to withdraw pleas as an alternate relief. Ultimately, this has no effect on this appeal.

To begin with, Ramdorsingh has not requested a remand specifically for the purpose of the district court making factual findings and legal conclusions on his alternative request to withdraw pleas. Indeed, it seems that Ramdorsingh wants this court to determine if he raised a motion to withdraw pleas argument and to then determine if he was entitled to an evidentiary hearing based upon that motion to withdraw pleas argument. Ramdorsingh states in his reply brief that "this Court is in [the] perfect position to determine if the district court erred in failing to construe and rule" on his motion to

14

withdraw pleas claim, yet he still requests that this court remand for an evidentiary hearing.

Next, our Supreme Court has held that a defendant's failure to comply with Supreme Court Rule 165 (2018 Kan. S. Ct. R. 215) in the context of arguing a postsentencing motion to withdraw plea results in the defendant's waiver of any inadequate findings of fact or conclusion of law. See *State v. Edwards*, 290 Kan. 330, 335, 226 P.3d 1285 (2010), *abrogated on other grounds by State v. Kelly*, 291 Kan. 563, 244 P.3d 639 (2010). Under Supreme Court Rule 165(a), the district court "must state its findings of fact and conclusions of law in compliance with K.S.A. 60-252." All the same, a defendant also has a "burden and 'must ensure the findings and conclusions by the district judge are sufficient to support appellate argument, by filing of a motion invoking the judge's duty under Rule 165, if necessary.' *State v. Seward*, 289 Kan. 715, 721, 217 P.3d 443 (2009)." *Edwards*, 290 Kan. at 335. "When no objection is made to the adequacy of the district court's findings, we can presume the district court found all facts necessary to support its judgment." *State v. Dern*, 303 Kan. 384, 394, 362 P.3d 566 (2015). Thus, when Edwards failed to timely object to the district court's total lack of findings in support of denying his motion to withdraw plea, Edwards lost all ability to complain about the lack of factual findings on appeal. *Edwards*, 290 Kan. at 335. Here, Ramdorsingh did not object to the district court's lack of findings and legal conclusions on his alternative request to withdraw pleas. As a result, this court presumes the district court found all facts necessary to support its judgment.

Notwithstanding the preceding, this court's review over the denial of postsentencing motions collaterally attacking a sentence under K.S.A. 2017 Supp. 60-1507 and postsentencing motions to withdraw plea under K.S.A. 2017 Supp. 22-3210(d)(2) have the same standard of appellate review—the de novo standard of review. When a defendant's postsentencing motion to withdraw plea is summarily denied without argument and additional evidence:

"[W]e apply the same procedures and accompanying standards of review used in cases involving K.S.A. 60-1507. See *State v. Jackson*, 255 Kan. 455, 459, 874 P.2d 1138 (1994) ('The K.S.A. 60-1507 procedure governing hearings should apply to motions to withdraw guilty plea filed after imposition of sentence.'). And we exercise de novo review because we 'have the same access to the motion, records, and files as the district court.' *State v. Neal*, 292 Kan. 625, 629, 258 P.3d 365 (2011). Like the district court, we must determine whether [the defendant's] 'motion, records, and files conclusively show that he is entitled to no relief.' See *Neal*, 292 Kan. at 629." *State v. Moses*, 296 Kan. 1126, 1127-28, 297 P.3d 1174 (2013).

In past cases where the district court failed to make findings of fact or conclusions of law as to a defendant's specific claim, this court has at times considered that claim anyway when it had de novo review over the issue. For example, in *Merryfield v. State*, No. 115,680, 2017 WL 945755, at *1 (Kan. App. 2017) (unpublished opinion), *rev. denied* 306 Kan. 1319 (2017), when the district court failed to "list its conclusions of law as to each count of [Merryfield's 42 U.S.C. § 1983] complaint," this court considered Merryfield's arguments nonetheless because "our standard of review is de novo." The *Merryfield* panel continued by explaining that they

"would not defer to the district court's conclusions if they had been expressed; thus, we need not actually know what those conclusions were. Our review, like the district court's review at this stage, is based on the written motion and the case file, which we are equally able to review." 2017 WL 945755, at *1.

In *Burden v. State*, No. 114,738, 2016 WL 7324420, at *2 (Kan. App. 2016) (unpublished opinion), this court considered Burden's K.S.A. 60-1507 motion despite the fact the district court summarily denied his motion by merely stating: "'Amended Petition Denied.'" The *Burden* court explained that even though the district court did not comply with Supreme Court Rule 183(j) (2015 Kan. Ct. R. Annot. 271)—the rule requiring the district court to make factual findings and conclusions of law on all issues presented in K.S.A. 60-1507 motions—it could still consider Burden's claims given that this court

16

exercises de novo review over the summary dismissal of K.S.A. 60-1507 motions. 2016 WL 7324420, at *2. Moreover, both the *Merryfield* and the *Burden* courts noted that remand in such situations would not be in the interest of judicial economy. *Merryfield*, 2017 WL 945755, at *1; *Burden*, 2016 WL 7324420, at *2. *Cf.*, *McRae v. State*, No. 112,709, 2016 WL 299073, at *7 (Kan. App. 2016) (unpublished opinion).

Clearly, this case is distinguishable from *Merrifield* and *Burden* given that in those cases, the district court did not fail to consider an alternative claim for relief while denying Merrifield's and Burden's motions. But, in at least one case, this court has considered a defendant's arguments concerning his plea counsel's performance under both K.S.A. 60-1507 and K.S.A. 22-3210(d)(2), even though below, the district court only considered the defendant's arguments in the context of K.S.A. 60-1507. In *Kelley v. State*, No. 105,300, 2012 WL 1970058, at *1 (Kan. App. 2012) (unpublished opinion), Kelley, acting pro se, filed a motion under K.S.A. 60-1507. In this motion, Kelly argued that his attorney was ineffective for failing to request a competency evaluation before he entered his no contest plea. The district court construed Kelley's motion solely as a K.S.A. 60-1507 motion. The district court then denied it on the merits after an evidentiary hearing. On appeal, the *Kelley* court considered and rejected Kelley's arguments under K.S.A. 60-1507, but it also considered and rejected his arguments under K.S.A. 2011 Supp. 22-3210(d)(2). 2012 WL 1970058, at *1, 3. The *Kelley* court explained that it could address Kelley's arguments under K.S.A. 22-3210(d)(2) because "[a]lthough the district court did not specifically address the factors bearing on a motion to set aside a plea in that context, its findings on the 60-1507 cover the same territory." 2012 WL 1970058, at *3.

Similarly, in this case, the district court's findings in support of its denial of Ramdorsingh's K.S.A. 2017 Supp. 60-1507 claims cover the same territory that any findings in support of denying Ramdorsingh's request to withdraw pleas would have. Although Ramdorsingh requested three distinct alternatives for relief, his arguments supporting why he was entitled to such relief were the same. That is, Ramdorsingh

17

argued that the district court should vacate his sentence and dismiss all his charges, should vacate his sentence and remand for resentencing, and should vacate his sentence and allow him to withdraw his pleas for the same reasons. Those reasons being that McDonald was ineffective, Hiatt committed misconduct, and the district court should have explicitly ruled whether he had breached his plea agreement. According to Ramdorsingh, this also made his sentences illegal.

Although the district court did not specifically consider Ramdorsingh's alternative request to withdraw his no contest pleas, it did address each of his arguments about McDonald being ineffective, Hiatt committing misconduct, the district court erring at sentencing, and his sentences being illegal while denying Ramdorsingh relief under K.S.A. 2017 Supp. 60-1507. Consequently, the district court's findings supporting the denial of Ramdorsingh's K.S.A. 2017 Supp. 60-1507 motion also address his arguments under K.S.A. 2017 Supp. 22-3210(d)(2).

This court can consider Ramdorsingh's arguments under K.S.A. 2017 Supp. 22-3210(d)(2) below, despite the district court's lack of findings and legal conclusions concerning his alternative request to withdraw pleas. Moreover, although it appears that Ramdorsingh only wishes this court to construe his postsentencing motion as a motion to withdraw pleas, because Ramdorsingh continues to make arguments why the district court erred by summarily denying his motion under K.S.A. 2017 Supp. 60-1507, this court shall consider his arguments under K.S.A. 2017 Supp. 60-1507 below as well.

*Motion Properly Denied*

In his brief, Ramdorsingh has divided his arguments into two sections—why the district court erred by summarily denying his motion under K.S.A. 2017 Supp. 60-1507 and why the district court erred by summarily denying his motion under K.S.A. 2017 Supp. 22-3210(d)(2).

18

Concerning K.S.A. 2017 Supp. 60-1507, Ramdorsingh's argument hinges solely on whether McDonald provided ineffective assistance of counsel. Ramdorsingh asserts that if "plea communications between McDonald and [him] had been addressed in a more reasonable manner, and the particulars of that agreement had been fully flushed out prior to the plea hearing date, the results would be palpably different." Ramdorsingh further asserts that had the State's "aims" in entering the plea agreement with him, i.e., wanting him to "accept responsibility and serve an agreed prison term in order to spare the victims from testifying . . . been fully explained [to him] prior to the day of the plea hearing, [he] could and would have fully understood and taken advantage of the [S]tate's largesse."

Concerning K.S.A. 2017 Supp. 22-3210(d)(2), Ramdorsingh asserts that he was entitled to an evidentiary hearing on his motion to withdraw pleas claim for the following reasons: (1) because "the [S]tate prosecutor deceived him into taking a plea, with no intention of fulfilling the [S]tate's promises"; (2) because McDonald misrepresented "his interests in order to protect his relationship with . . . Hiatt," which constituted misconduct; and (3) because his pleas were not understandingly made. In making his arguments, Ramdorsingh asserts that his plea hearing and sentencing hearings support that he should be allowed to withdraw plea. Ramdorsingh seems to argue that he should be granted an evidentiary hearing based on the claim that Serra was involved in plea negotiations. However, "[t]here is nothing in the record with which to ascertain Serra's role in the plea negotiations" for the court to consider.

In regard to Ramdorsingh's arguments concerning McDonald's performance, to establish ineffective assistance of counsel, a defendant must prove (1) that counsel's performance was deficient, and (2) that counsel's deficient performance resulted in prejudice. *Edgar v. State*, 294 Kan. 828, 837, 283 P.3d 152 (2012). In his brief, Ramdorsingh seemingly indicates that when considering his ineffective assistance of counsel arguments under K.S.A. 22-3210, he would not have to prove prejudice under the second-prong of the ineffective assistance of counsel test by citing the *Cronic* exception

19

regarding counsel's complete failure to advocate on his behalf. See *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). Nevertheless, this argument, as well as all of Ramdorsingh's other arguments, are without merit if they are conclusory or disproved by the motions, records, and files of his case.

"Conclusory contentions without evidentiary basis are not sufficient for relief." *Gilkey v. State*, 31 Kan. App. 2d 77, 82, 60 P.3d 351 (2003). Ramdorsingh's arguments about Hiatt never intending to follow through with the terms of the plea agreement and McDonald not representing his best interest because of his relationship with Hiatt are clearly conclusory. In his amended motion, Ramdorsingh did not provide support for his contention that Hiatt never intended to follow through with the terms of his plea agreement. Additionally, assuming arguendo that Hiatt used to be one of McDonald's college professors or that they were opposing counsel in many cases, these facts alone do not support that McDonald and Hiatt were colluding with one another to ensure that Ramdorsingh did not get the bargain of his plea agreement.

Ramdorsingh's argument about McDonald colluding with Hiatt is similar to a claim raised by the defendant in *State v. Sprague*, 303 Kan. 418, 362 P.3d 828 (2015). In that case, the defendant alleged that his attorney and the prosecutor were working together "for [an] unknown personal reason" to "purposefully and intentionally refuse[] to defend [him] and misuse[] [his] trust in [counsel] in asking [him] not to testify though [he] voiced he wanted to and was prepared to." 303 Kan. at 426. Our Supreme Court ruled that this allegation alone was not enough to merit an evidentiary hearing because it was conclusory. 303 Kan. at 426. Here, although Ramdorsingh suggests that McDonald did not act on his behalf for specific reasons, i.e., the former teaching relationship and the sharing of multiple cases, he still has not provided any support for this contention. Like in *Sprague*, Ramdorsingh's allegations about McDonald's and Hiatt's alleged misconduct are conclusory.

20

Ramdorsingh's remaining arguments on appeal involve (1) his belief that McDonald was ineffective for not better explaining the plea agreement and the State's objective of entering into the plea agreement and (2) his belief that his pleas were not understandingly made. Yet, in his pro se motion, Ramdorsingh did not make either of these arguments. Although Ramdorsingh alleged McDonald was ineffective, he argued that McDonald "purposely misrepresented [him]." It was not a matter of Ramdorsingh not understandingly entering his pleas, or McDonald failing to proficiently explain the pleas. It was a matter of McDonald and Hiatt sabotaging Ramdorsingh after he had entered his pleas.

Because these arguments were not made below, Ramdorsingh cannot raise these arguments for the first time on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Moreover, Ramdorsingh's failure to address why he is raising these arguments for the first time on appeal violates Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 34), which requires appellants to explain why they did not raise an issue below. In *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015), our Supreme Court explained that failure to comply with Rule 6.03(a)(5) results in an appellant failing to properly brief his or her argument, resulting in abandonment of that argument. The *Godfrey* court also explained that Supreme Court Rule 6.03(a)(5) must be strictly enforced. 301 Kan. at 1044.

Even if Ramdorsingh had presented these arguments to the district court, his plea hearing and sentencing hearing transcripts conclusively establish that he is not entitled to relief. Ramdorsingh argues that if McDonald had provided him with a better understanding of the plea agreement, he would have either not accepted the plea agreement or "acceded to the [S]tate's terms, and the sentencing court would have been more lenient in line with the written agreement." Throughout his brief, Ramdorsingh also points to particular instances during his plea hearing and sentencing hearing as evidence that he was misled by McDonald and confused when he entered his pleas. Of note,

21

Ramdorsingh often focuses on short excerpts of his plea and sentencing hearing transcripts to stress there was a great deal of confusion surrounding his pleas. Yet, when reviewing the entirety of his plea hearing and sentencing hearing transcripts, it is readily apparent that Ramdorsingh understood what he was doing absent any ineffectiveness on McDonald's part.

At his plea hearing, the only questions that Ramdorsingh had concerned being found guilty, despite the fact he was pleading no contest, based upon the State's factual basis. Ramdorsingh stated that he otherwise understood all the terms of the plea agreement, including that he was required to serve time in the KDOC.

At the initial sentencing hearing, McDonald explicitly stated on the record that he did not believe moving for a departure was part of Ramdorsingh's plea agreement with the State. When Ramdorsingh addressed the district court, he contested McDonald and Hiatt's contention concerning the ability to depart, and in doing so used the term "bre[a]ch of . . . agreement." The district court also warned Ramdorsingh to consider the ramifications of moving for a departure because the State would be asking for "additional considerations." At the continued sentencing hearing, the district court provided Ramdorsingh with more warnings and opportunities to change his mind about moving for a departure. The district court also gave Ramdorsingh the opportunity to move to withdraw his pleas. Because both the State and McDonald had suggested that Ramdorsingh may want to withdraw his pleas, the district court directly asked Ramdorsingh if he wanted to withdraw his no contest pleas. Ramdorsingh responded, "No, sir. Me and my lawyer talked, and we said that we just wanted to continue with the plea that we agreed to, which is that I'd be able to argue anything at sentencing."

The district court then told Ramdorsingh the following: (1) that if he chose to withdraw his pleas now, his burden to withdraw his pleas was good cause as opposed to manifest injustice; (2) that if he chose to pursue his departure motion, Hiatt would likely

22

ask for a sentence longer than the 57 months stated in the plea agreement; and (3) that McDonald's position was that when he entered into the plea agreement, the plea agreement did not allow him to move for a departure. Ramdorsingh responded (1) that he understood each of the preceding, (2) that he still did not want to withdraw his plea, and (3) that he still wanted to pursue his departure motion.

Turning back to Ramdorsingh's remaining arguments, the crux of these arguments is that he was misled and did not know what he was doing when entering his pleas. Ramdorsingh's answers at his plea hearing support that he understood the terms of his plea agreement required he serve time in prison. More importantly, what Ramdorsingh said and what he was told at his sentencing hearing wholly undermines his arguments that but for McDonald's ineffectiveness, he would not have taken the plea agreement or withdrawn his pleas.

To establish prejudice under the second prong of the ineffective assistance of counsel test, a defendant must prove that "'there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.' [Citation omitted.]" *Edgar*, 294 Kan. at 838. Here, regardless of what McDonald told Ramdorsingh in private, at the sentencing hearings, McDonald clearly explained to the district court and Ramdorsingh his position that a departure motion was not allowed under the plea agreement. Likewise, the district court also explained McDonald's position to Ramdorsingh. Indeed, the district court made a concerted effort to explain to Ramdorsingh that McDonald did not believe he could argue for a departure under the plea agreement after Ramdorsingh continued to state that he could move for a departure agreement. Despite the district court's explanation, as well as multiple warnings that the State would not likely follow the 57-month sentencing term set out in the plea agreement if he continued to argue for a departure, Ramdorsingh rejected the opportunity to withdraw his pleas before his sentencing and continued to argue for a departure.

23

Simply put, Ramdorsingh had been told the important information regarding the consequences of his actions before he rejected the opportunity to withdraw his pleas and started arguing for his departure motion. Ramdorsingh's appellate argument that he would never have entered into the plea agreement but for McDonald's ineffectiveness is unconvincing because when given the opportunity to withdraw his pleas before sentencing based on the alleged confusion concerning the ability to move for a departure, Ramdorsingh rejected the opportunity because he was insistent that he understood the plea agreement. Ramdorsingh's argument that he might not have moved for a departure but for McDonald's ineffectiveness is additionally unconvincing because even if McDonald was ineffective, the district court explained the risks of moving for a departure. Ramdorsingh ignored the district court's advice.

The summary denial of Ramdorsingh's postsentencing motion brought under both K.S.A. 2017 Supp. 60-1507 and K.S.A. 2017 Supp. 22-3210(d)(2) is affirmed.

Affirmed.